E. C. WINSLOW v. S. E. SPEIGHT.

. (Filed 27 February, 1924.)

**Estates—Contingent Remainders—Title—Wills—Devises.**

> Where a testatrix devises certain of her lands to her two sons for life, with remainder to the one dying leaving issue, and should both die without issue, the title to the lands to revert to the testatrix's nearest of living kin, with a clause leaving the residue of her estate, if any, after taking out the specific devises, to be divided among her two sons: *Held*, though the testatrix's two sons were her nearest of kin, they did not take the lands specifically devised to them by descent, but under the will, and the contingency not having happened upon which they acquired the absolute fee-simple title to these lands, their contract to convey the indefeasible title thereto was not enforcible.

APPEAL by defendant from *Connor, J.,* at November Term, 1923, of EDGECOMBE.

Controversy without action, submitted on an agreed statement of facts.

Defendant, being under contract to convey certain lands to plaintiff, executed and tendered warranty deed therefor. Plaintiff declined to accept the deed and refused to make payment, claiming that the title offered was defective. This suit is to recover the option money paid by plaintiff, and which was to be returned if title proved to be defective.

His Honor, being of opinion that the deed tendered was insufficient to convey a full and complete fee-simple title to the lands in question, gave judgment for the plaintiff, whereupon the defendant excepted and appealed.

*George M. Fountain for plaintiff.*
*Guion & Guion for defendant.*

STACY, J. On the facts agreed, the title offered was properly made to depend upon the construction of the following items in the will of Sarah E. Lloyd:          •

"Second: I give and devise to my daughter, Penina E. Jones, for her natural life, one hundred acres of land, the same being a part of my undivided interest, in the division of the Barlow estate, and, should she die without issue, then said land to revert back to my next living kin.

"Third: I give and devise to my two sons, Frank B. Lloyd and James B. Lloyd, for their natural life, seventy-nine and one-third (79⅓) acres of land, the same being a part of my undivided interest, in the division of the Barlow estate, and, should they or either of them die without issue, then in that case the interests of them both, or the interest of either one, shall revert back to my nearest or living kin.

"Eight: My will and desire is that all the residue of my estate, if any, after taking out the devises and legacies above mentioned, shall be equally divided among my three children," etc.

The case states that at the time of the death of Sarah E. Lloyd, in 1893, her three children, Penina E. Jones, Frank B. Lloyd, and James B. Lloyd, were her "nearest or living kin." Penina E. Jones died intestate in 1903 and without issue born to her, leaving her two brothers as her only heirs at law and next of kin. Frank B. Lloyd is living, but has never married and has no issue. James B. Lloyd is living, married and has three children—Joseph, age ten; Paul, age eight, and Alice, age four. Since the death of Penina E. Jones, her two brothers have conveyed to the defendant all of their "estate, right, title and interest in possession and in expectancy" in and to the lands described in items two and three of the will of Sarah E. Lloyd.

It was adjudged by the court below that the defendant could convey a good title to the 100 acres mentioned in the second item of the will, and this is not questioned by the plaintiff. It was further adjudged that the defendant could not convey a full and complete fee-simple title to the 79⅓ acres mentioned in the third item. The appeal presents for review the correctness of his Honor's ruling in regard to the property mentioned in item three of the will.

It is agreed, if the deed tendered be sufficient to convey a full and complete fee-simple title to the 79⅓ acres, plaintiff is to fail in his suit; otherwise, not.

It is suggested that a proper construction of the third item in the will of Sarah E. Lloyd presents for consideration the questions (1) as to whether there was a devise, by implication, of the remainder in fee to the issue of Frank B. Lloyd and James B. Lloyd, respectively, by reason of the gift over to the testatrix's "nearest or living kin," should the two sons or either of them die without issue, or (2) as to whether the reversion in fee descended to the testatrix's three children pending the happening of the events upon which the estate given over was to take effect, so that the conveyance to the defendant of the life estate and the reversion merged the life estate into the reversion and destroyed the contingent remainder to the testatrix's nearest or living kin. *Bond v. Moore,* 236 Ill., 576; 86 N. E., 386; 19 L. R. A. (N. S.), 540; 23 R. C. L., 532. But for the presence of item eight in the will, and if item three stood alone, the case would probably call for a decision of these interesting questions. From the entire will, however, we think it is clear that whatever estate Frank B. Lloyd and James B. Lloyd took in the *locus in quo,* they did not take any part of it by descent from their mother; hence, if James B. Lloyd should predecease his brother, and Frank B. Lloyd should die without issue, his interest would then go to the testatrix's

nearest or living kin under item three of the will. In this event such nearest or living kin of the testatrix would necessarily be other than the defendant's immediate predecessors in title.

In view of this construction, and under the facts now of record, it would appear that the deed tendered is not sufficient to convey a full and complete fee-simple title to the property in question. The judgment entered below must be upheld.

Affirmed.